CRUGER AND ANOTHER V. BURKE AND OTHERS.

See this case in connection with the same case reported in 8 Tex. R. 66, for when the taking of a mortgage from the principal debtor, by the creditor, will amount to a discharge of the sureties in the original contract.

Appeal from Harris. The principal facts will be found in the report of same case on former appeal, in 8 Tex. R. 66. There was evidence tending to prove that the mortgage was given upon a contract to extend the time of payment. Verdict and judgment for defendants. Motion for new trial overruled. Plaintiffs appealed.

*C. B. Sabin*, for appellants.

*Palmer & Jordan*, for appellees.

LIPSCOMB, J. The only question, presented for consideration in this case, is, as to the legal effect of the mortgage contract, entered into between the plaintiffs and A. J. McGowan. If its legal effect was to postpone the payment or the collection of the debt due from McGowan to the plaintiffs, the securities, the present defendants, are discharged from all liability. There is no evidence that this mortgage was entered into with the privity or assent of the securities. I am of the opinion that its legal effect was to constitute a new contract, giving time for payment on a valid consideration; and, in a very few words, I will give my reasons for the conclusion to which I have arrived.

The mortgage embraces in it, with the original debt, one from McGowan not embraced in the first, and not previously secured to be paid by McGowan. In this mortgage contract, McGowan undertook to pay to the plaintiffs a higher rate of interest than they could have recovered on the original con-

tract to which the defendants were securities. The time of payment was set by the mortgage beyond the time of payment of the original debt. If this mortgage had rested upon the old consideration, only, it would not have been such a new contract, giving time, as would have discharged the securities ; because it could not have interposed a bar to the prosecution of the action on the original promise. The mere taking of collateral security, the better to secure the payment of the original debt, can never discharge the securities to the original. They are not injured but benefited by such collateral security, provided the creditor has not given this additional time on a consideration valid in law. The new consideration in this case, is the security for another debt, and the additional interest on the old debt, forming in my opinion a valid consideration to support the extension of the time of payment of the debt stipulated in the mortgage.

There is no doubt that it was the province of the Judge to charge the jury as to what was the legal effect of this mortgage. He seems to have submitted the question to the jury ; but the finding of the jury was the same as the legal construction of the mortgage should have been declared by the Judge, which finding was sanctioned by the Court: the plaintiff, therefore, sustained no injury from the Judge failing to declare the legal construction of the mortgage, and it is no ground for reversal of the judgment. The doctrine of the effect of a contract founded on good consideration, giving time by the creditor to his debtor without the consent of the securities, in discharging such securities, was fully and correctly discussed and decided by this Court when this case was before it at a previous Term, and nothing was left open but the legal construction of the mortgage. The present appellants had obtained judgment in the Court below, and the defendants then appealed. The judgment was reversed and remanded. On the last trial, the verdict and judgment were for the defendants, and we see no sufficient ground for reversing the judgment, it is therefore affirmed.

Judgment affirmed.

WHEELER, J. (Separate opinion.) When this case was before us on a former appeal, the question, reserved, to be decided upon another trial, was, whether there was an agreement by the plaintiffs, upon sufficient consideration and binding upon them, to give time to the principal debtor, whereby the sureties were discharged. That question appears to have been fairly submitted to the jury, upon the evidence afforded by the stipulations contained in the mortgage, and the other evidence introduced in connection with it; and the finding of the jury is, in effect, that there was such an agreement. The only question now is, whether the evidence was sufficient to warrant the verdict.

There is no direct and positive evidence of any agreement to give time. But there was circumstantial evidence sufficient, perhaps, to warrant the jury in drawing the conclusion that there was in fact such an agreement. The mortgage contains no stipulation to that effect, nor do its terms import an agreement to give time. It merely shows a sufficient consideration to support such an agreement, if, in point of fact, one existed. That there must have been an agreement to give time, upon sufficient consideration and binding upon the plaintiffs, in order to discharge the sureties from their liability, was fully determined on the former appeal. (Burke et al. v. Crugar et al., 8 Tex. R. 66.) And the authorities then cited abundantly show, that the taking of the mortgage security did not operate to suspend the remedy upon the original contract, or to discharge the sureties, unless there was in fact, in consideration thereof, an agreement by the plaintiffs to give an extension of time upon the original contract. · In a case cited, it was said by Mr. Justice Nelson, to be " well settled, that merely tak- " ing a new security from the debtor, without agreeing to give " time, will not discharge the surety;" and that the circumstance that the new security did not become due or could not be enforced until a future day, after the original debt became due, " implied no agreement to postpone the remedy upon the old security." " The time when the new security becomes

"due, does not vary the effect and operation of it upon the "old." (Id. 72; 11 Wend. R. 321, 322.) If this opinion is correct, which I do not doubt, the legal effect and operation of the mortgage was not to postpone the remedy upon the original contract. To occasion that effect and thereby to discharge the sureties, there must have been, in addition to the taking of the mortgage and in consideration of the giving thereof, an agreement to give time. If such had been the legal effect of the mortgage, it ought to have been declared when it was before us on the former appeal, and the necessity of the present appeal would have been obviated. But, as the mortgage does not contain or import an agreement to give time; as such was not its legal effect; and as it merely shows a consideration sufficient to support such an agreement, it only afforded circumstantial evidence, from which, in connection with the other evidence in the case, the existence in fact of such an agreement might be inferred. As such it was properly submitted to the jury, to enable them to determine the question presented for their decision; that is, whether there was in fact an agreement to give time, in consideration of the new security. I am of opinion, therefore, that there was no error in permitting the evidence to go to the jury; and that it was for them, under the evidence, to decide the question of fact as to the existence of such an agreement. The question was fairly presented by the Court, in the instructions to the jury, and though the evidence is not quite satisfactory as to the fact involved in their finding, the decisions and practice of the Court would not warrant the setting aside of the verdict on that account; as it cannot be said to be without or against evidence. I therefore concur in the affirmance of the judgment.