69  513
77  136
69  513
84  332

## No. 2430.

### REFUGIA STEFFIAN, EXECUTRIX, *v.* THE MILMO NATIONAL BANK.

1. BONA FIDE PURCHASER. — When the consideration of a deed is a pre-existing debt, or when a mortgage is taken on the land to secure such indebtedness, it will not support the claim of bona fide purchaser.

2. DEED—DELIVERY.—To complete that delivery of a deed which is necessary to pass title to land, it must be placed by the grantor in the control of the grantee, with the intent that it shall become operative as a conveyance.

3. BONA FIDE PURCHASER.—A creditor of a vendee who, to secure his debt, receives a mortgage on land which the vendee had bargained for, but had not completed payment for, though such vendee had a deed therefor, signed and acknowledged, which had never been delivered to him with intent that it should operate as a conveyance, does not thereby, as against the rights of the former vendor, occupy the attitude of a bona fide purchaser, without notice, in a suit by him to foreclose the mortgage. *Quære:* Whether gross negligence of the original vendor in permitting the vendee to have custody of the deed, might not create an equitable estoppel in favor of the mortgagee, who extended credit in the belief that the possessor of the deed had title, and who would suffer injury by the loss of his mortgage lien?

4. EVIDENCE—DELIVERY.—The declarations of a deceased vendor, made at the time he parts with possession of a deed, are admissible, in a suit to which his executor is a party, in evidence, on an issue as to whether there was then a purpose to deliver the deed in consummation of a sale; his subsequent declarations, made after the registration of the deed, are not admissible, being no part of the res gestæ.

APPEAL from Webb. Tried below before the Hon. J. C. Russell.

In addition to what appears in the opinion, it may be stated that on the trial of this cause the witness A. L. McLane having testified that he was not a party to, or in any way interested in this suit, the defendant thereupon offered to prove by him the following facts, to wit: That when the deceased, Peter Steffian, handed to witness the deed from Steffian to Hunt, he, Steffian, remarked to witness "be sure and return it (the deed) to me." And that a day or two after the deceased came to the office of witness in great agitation and said to witness, "why did you

33

give my deed to Hunt? He (Hunt) has sold the land to the bank (plaintiff.)" That he knew Hunt had sold the land to the bank because the county clerk had just told him that his deed to Hunt, together with a deed from Hunt to the bank had been filed in his, the clerk's office, for record. The plaintiff objected, because the witness was prohibited under article 2248, of the Revised Statutes from testifying as to any transaction with or declaration made by a deceased person, which objection was sustained.

*McLane & Atlee,* for appellant: That the bank was not an innocent purchaser, cited Stalker v. McDonald, 6 Hill, New York, 93; Willard's Equity Jurisprudence, sections 256, 257; Spurlock v. Sullivan, 36 Texas, 511; Watkins v. Edwards, 23 Texas, 447; Beatty v. Whittaker, Id., 528; McKamey v. Thorpe, 61 Texas, 648; Ayers v. Duprey, 27 Texas, 593.

That there was no legal delivery of this deed, they cited Martindale's Law of Conveyancing, section 206; 1 Jones on Mortgages, second edition, section 539; Tiedeman on Real Property, sections 812, 813; Harkreader v. Clayton, 31 American Reports, 369; Van Ammage v. Martin, 4 Whart., 382; 34 American Decisions, 517; Tuttle v. Turner, 28 Texas, 759; Union Mutual Insurance Company v. Campbell, 95 Illinois, 267; 35 American Reports, 166; Everts v. Agnes, 4 Wisconsin, 343; 65 American Decisions, 314; Gilbert v. North American Fire Insurance Company, New York, 35 American Decisions, 553; Smith v. South Roy Bank, 32 Vermont, 341; 76 American Decisions, 179; 1 Devlin on Deeds, sections 260, 262, 264, 267, and note 4; sections 268, 271, 272, 273, and note 2; section 282, and notes 4 and 1; section 290, and notes; section 295, and note 2; section 322, and notes; sections 323, 324; Walker v. Walker, 89 American Decisions, 445.

*W. Showalter* and *J. O. Nicholson,* for appellee: That the evidence disclosing the fact that McLane was the agent and attorney of Peter Steffian at the time of the alleged conversation, the statements of said Steffian were properly excluded, cited 1 Jones on Mortgages, section 459; 2 Pomeroy's Equity Jurisprudence, section 749, and note; Daniel's Negotiable Instruments, sections 820, 830; Gilchrist v. Gough, 30 American Reports, 250, 259; Railroad Company v. National Bank, United States Supreme Court, Book 26, L. C. P. Co., 66, 67.

A mortgagee of real estate is a purchaser for a valuable consideration within the meaning of our recording laws. (Revised Statutes, arts. 4331, 4332, et seq.; Cavanaugh v. Peterson, 47 Texas, 206; Huffman v. Blum, 64 Texas, 334; Jones on Mortgages, third edition, sec. 458.)

A deed absolute on its face, reciting full payment of purchase price, is an executed contract and the superior title is in the grantee. (Baker v. Clampton, 52 Texas, 252; Webster v. Mann, 52 Texas, 425.)

Steffian's negligence in allowing Hunt, the grantee, possession of the deed, lost him his right of priority as vendor over the appellee in the mortgage. (Davis v. Lofton, 6 Texas, 500; Ragsdale v. Robinson, 48 Texas, 391; Paschal's Digest of Decisions, sec. 15609; Berry v. Anderson, W. W., Ind., 41; 1 Story's Equity Jurisprudence, sec. 390a; 1 Daniel's Negotiable Instruments, 689 et seq; Martindale's Conveyancing, 177, sec. 206 and note 2; 1 Jones on Mortgages, third edition, sec. 457.)

The possession by Hunt of the deed from Steffian, duly signed and witnessed, raises the presumption of due delivering. (Tuttle v. Turner, 28 Texas, 773, 774; Saddler v. Anderson, 17 Texas, 254; Gaines v. Stiles, 14 Peters, U. S., 326; Secord v. Davis, 6 Peters, U. S., 124, 127; Martindale on Conveyancing, 176, sec. 306 and notes 2 and 4.)

The Milmo National Bank being an innocent purchaser (mortgagee) for a valuable consideration, viz: the extension of the time of payment on a valid, subsisting debt, past due, without either actual or constructive notice of Steffian's claim of nondelivery of the deed, and for balance due for purchase money, money took the land free from the alleged vendor's lien. (Revised Statutes of Texas, art. 4332; Hoffman v. Blum, 64 Texas, 334; Cavanaugh v. Peterson, 47 Texas, 206; Gilchrist v. Gough, 30 Am. Rep., 250, 259; Brooklyn City & N. R. R. Co. v. National Bank, 102 U. S. Sup. Ct. Rep., 14, 59; Book 26, L. C. P. Co., 66 67; 1 Jones on Mortgages, third edition, sec. 459; 2 Pomeroy's Equity Jurisprudence, sec. 749, and note 2; 1 Daniel's Negotiable Instruments, sec. 827.)

GAINES, ASSOCIATE JUSTICE. This suit was originally instituted in the court below by the appellee against A. C. Hunt, to recover on a note for about ten thousand dollars, made payable to it by Hunt, and to foreclose a mortgage executed by him to secure the note. The petition alleged that Peter Steffian was set-

ting up a claim to the land conveyed by the mortgagee, and he was also made a party defendant. Steffian having died before the trial, appellant, as executrix of his will, made herself a party defendant. Upon the trial the court gave judgment for the amount of the note, and decreed a foreclosure of the mortgage. From this judgment the executrix alone appeals.

The nature of the controversy sufficiently appears from the conclusions of fact found by the court below, which are as as follows:

"1. That on the twenty-eighth of February, 1882, Peter Steffian, deceased, executed a general warranty deed to the defendant, A. C. Hunt, for the lands in controversy in this suit; that the consideration of sixteen thousand dollars mentioned therein was recited to have been paid; that the deed was signed by said Steffian in the presence of two subscribing witnesses; that there was an understanding between said Steffian and Hunt that said deed should remain in the possession of said Steffian until the full amount of said consideration was paid; that on May 29, 1882, said Hunt paid eleven thousand dollars of the said consideration, and afterwards, on the —— day of ——, 1883, the further sum of one thousand five hundred dollars.

"2. That on the twenty-ninth day of March, 1883, said A. C. Hunt was indebted to the Milmo National Bank, plaintiff herein, in the sum of ten thousand three hundred and thirty-seven dollars and ninety-six cents, which was on that day past due. That, in order to get an extension of time on said indebtedness, he offered to give the bank a lien on the land described in the aforesaid deed of Steffian to Hunt, and placed, or caused to be placed, in possession of the plaintiff the deed of Steffian to Hunt; that it was at that time generally known and understood in the community that said Steffian had sold said land to said Hunt. That plaintiff, in consideration of said lien on said land, granted said Hunt an extension of ninety days on his said indebtedness; whereupon said Hunt, on said twenty-ninth day of March, 1883, executed and delivered to said bank his note for said indebtedness and a deed to said land; that, while said deed was an absolute conveyance on its face, it was understood by and between said Hunt and said bank that it was only intended as a security for said debt; that at the date of the execution and delivery of said note and deed by said Hunt to said bank, its officers or agent had no knowledge or notice, either actual or constructive, that said Hunt had not paid all the purchase money for said land.

"3. That said Peter Steffian placed his said deed to said Hunt in said Hunt's possession before the execution and delivery of the note and deed from said Hunt to said bank, upon representation of said Hunt to said Steffian that he, the said Hunt, wanted the same for the purpose of copying the field notes of the land therein described.

"4. That plaintiff, its officers or agents did not, at the time of the execution and delivery by Hunt of said note and deed to said plaintiff, have any notice or knowledge that said Steffian had not delivered his said deed to said Hunt as an evidence of his sale of the said land to said Hunt."

From these findings the court concluded, as a matter of law, that appellee was a bona fide purchaser for a valuable consideration without notice, and that its claim was, therefore, entitled to priority over that of appellant, and this is assigned as error. If the law of innocent purchasers be applicable to appellee's case, we have no doubt it must be deemed a purchaser for value. This court has held that where the consideration of a deed is an antecedent debt only, or where a mortgage is taken merely to secure such indebtedness, this is not sufficient to support the claim of a bona fide purchaser for a valuable consideration. (McKamey v. Thorpe, 61 Texas, 648; Spurlock v. Sullivan, 36 Texas, 511.) There being no new consideration, should the grantee or mortgagee lose the land or his lien upon it, he still has his debt, and for that reason is held to have parted with nothing of value. But should the mortgagee give time upon his debt as a consideration for the security, his case is different. By extending the time of payment, he yields up for a season his right of action, which is a privilege deemed of value in law. This is accordingly held by the controlling weight of authority sufficient to support the claim of an innocent purchaser. (Schumpert v. Dillard, 55 Miss., 348; Post v. Embree, 54 Iowa, 14; Carey v. White, 52 N. Y., 138; Gilchrist v. Gough, 63 Ind., 576; Cook v. Parham, 63 Ala., 456; Thomas v. Rembart, 63 Ala., 561.)

But it appears in this case that, at the time of the agreement between Steffian and Hunt for the sale of the land, it was understood between them that, though the deed was signed in the presence of two subscribing witnesses, it should remain in possession of the grantor until the entire consideration was paid; and it further appears that the purchase money was never fully paid, and that the instrument was never delivered to the grantee

with the intention that it should take effect as a deed.   Can the bank under those circumstances be considered a bona fide purchaser?   It is elementary law that the delivery of a deed is requisite to its validity as a conveyance.   To take effect, it is quite as necessary that it should be delivered as that it should be signed.   To complete a delivery in its legal sense two elements are also essential.   The instrument must not only be placed within the control of grantee, but this must be done by the grantor with the intention that it shall become operative as a conveyance.

It follows from these first principles that an instrument which passes into the possession of the grantee without such intention on the part of the grantor, is wholly inoperative, and that a purchaser from the former acquires in law no title to the property which it purports to convey.   It is accordingly held, that even a vendee from the grantee, who has paid value without knowlege of the facts, is not an innocent purchaser in such a case.   (Fisher v. Beckwith, 30 Wis., 55; Evarts v. Agnes, 4 Wis., 356; same case, 6 Wis., 453; Henry v. Carson, 96 Ind. 412; Van Ammage v. Morton, 4 Whart., 382; Fitzgerald v. Goff, 99 Ind., 28; Stanley v. Valentine, 79 Ill., 548; Harkreader v. Clayton, 56 Miss., 383; Miller v. Fletcher, 27 Gratt., 403.)   The courts say that a deed delivered without the consent of the grantor is of no more effect to pass title than if it were a forgery.   (Henry v. Carson, supra; Hadlock v. Hadlock, 22 Ill., 384.)   We conclude, therefore, that the court was in error in holding appellee a bona fide purchaser for a valuable consideration without notice.

It does not follow, however, that appellee may not make out a case entitling it to judgment, although no effective delivery of the deed is shown.   But in order to do this he must bring himself within the rules applicable to an equitable estoppel and must show that appellant's testator was grossly negligent in permitting the deed to pass into the possession of Hunt and also that as a result of this, some substantial injury has accrued to the bank, by reason of the transaction, which it entered into upon faith of the deed.   The determination of these questions are not involved in the conclusions of the court below, and the state of the evidence is such that we do not deem it proper to decide them here.   Should it appear upon another trial that Peter Steffian never delivered the deed to Hunt with the intention that it should take effect, then, in order for the plaintiff cor-

poration to recover, it will be necessary to show that he parted with the possession under such circumstances as would have deterred any prudent man from doing the act, and plaintiff must prove not merely that it has been delayed in the collection of its debt, but that by reason of its having extended the time for the payment of the obligation it has lost the opportunity to collect it or some part of it.

We think also that the court erred in excluding the testimony of the witness A. L. McLane. What Steffian said to the witness when he gave him possession of the deed was calculated to show the purpose with which the act was done, and the injunction to return the paper tended to prove care on the part of the grantor to prevent the grantee getting possession of it and claiming a legal delivery. Article 2248 of the Revised Statutes, upon which the objection was based does not apply to such a case. (Gilder v. Brenham, 67 Texas, 345.) What Steffian said after the deed was recorded was not a part of the res gestæ and was inadmissible; and the exclusion of these declarations would have been correct had the objection been plead upon the proper ground.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 20, 1888.