ELISE M. WATTS ET AL. v. CORNER, WALKER
& DAVIS ET AL.

No. 900.

**Consideration—Extension of Time.**—In consideration of an extension of time upon its indebtedness, one of a mercantile firm executed to the creditors a mortgage upon real estate, the legal title of which was in him, but equitably it belonged to his wife. The creditors had no notice of the claim of the wife when they took the mortgage. *Held*, that the extension of time was a valuable consideration supporting the mortgage; and as the creditors had no notice at the time of the mortgage, they were not affected by the rights of the wife.

APPEAL from Llano.    Tried below before Hon. W. M. ALLISON.

*Charles L. Lauderdale,* for appellants.—Mrs. Watts paid for the lots with her separate means.    The title was taken in the name of W. T. Watts.    He executed a mortgage on the lots to secure an antecedent debt owing by him to defendants, for which debt he then executed his note payable in twelve months.    Mrs. Watts gave notice before sale of her equitable title; the mortgagees failed to show that they in good faith paid anything or suffered any loss or specific damage on account of said mortgage, and are not entitled to any extent to enforce it.    Spurlock v. Sullivan, 36 Texas, 511; McKamey v. Thorp, 61 Texas, 648; Overstreet v. Manning, 67 Texas, 657; Tootle v. Bank, 52 N. W. Rep., 396; McGraw v. Henry, 47 N. W. Rep., 345.

*Thomas J. Gibson,* for appellees.—The extension of time by appellees for the payment of the debt due them by the firm in which Watts was a partner made them mortgagees and purchasers pro tanto for valuable consideration; and appellees having granted the extension on the faith of the mortgage, without notice of any equity on the part of appellant Mrs. Watts, they are entitled to a foreclosure against her, and to have their debt satisfied out of the proceeds of the mortgaged property.    1 Jones on Mort., secs. 458, 459; Schumpert v. Dillard, 55 Miss., 348; 15 Am. and Eng. Encyc. of Law, 758, 819; Boone on Mort. (Pony Series), p. 670, sec. 54; Thomas on Mort., p. 155.

FISHER, CHIEF JUSTICE.—This suit was instituted at the December Term, 1892, of the District Court of Llano County, by appellant Elise M. Watts, joined by her husband, against Corner, Walker & Davis and Ben A. Ligon, seeking an injunction, which was granted, and which was asked to be perpetuated, restraining Corner, Walker & Davis, as plaintiffs in a certain judgment, and Ligon, as sheriff, from the execution of that judgment as to the certain lots described in said Elise's petition in this suit.    She alleged in said petition, that on November 26, 1887, said lots were sold to her and were paid for with her separate means, she then being the wife of said W. T. Watts; that said lots were conveyed to him under said sale for her use, and were so held by him in trust; that while he was so holding them, her husband, without her knowledge or consent, executed in favor of defendants Corner, Walker & Davis, to secure to them the payment of an antecedent debt, a mortgage on said lots; that, without service of citation on or appearance by her, defendants caused to be entered in the minutes of the District Court of said county a pretended judgment against her, as well as against said W. T. Watts, establishing and foreclosing said mortgage as a lien upon said lots for the sum of $3155.82, and ordering them sold for the satisfaction of said judgment; that an order of sale thereunder had been placed in said Ligon's hands as sheriff of said county, and he was about to sell said lots thereunder;

that she is, and had ever since said purchase been, the equitable owner of said lots; wherefore she prayed for a perpetual injunction against the sale of said lots under said judgment.

Defendant Ligon defaulted, but the other defendants answered by general demurrer and general denial, and specially, that they were bona fide mortgagees of said lots from said W. T. Watts, who held the legal title thereto.

The case was tried without a jury and resulted in a judgment for defendants, dissolving the injunction and establishing and foreclosing the mortgage to the extent of the debt against said lots.

*Findings of Fact.*—We copy in full the agreement of the parties as to the facts in this case and the issues involved:

"It is agreed that the following facts were proved on the trial, and the parties agree to submit the cause upon the questions of law arising thereon for adjudication to said Court of Civil Appeals, to wit:

"1. That on the 26th day of November, 1887, W. T. Moore, Jr., conveyed to W. T. Watts, husband of plaintiff Elise M. Watts, lots 9 and 12, in block 7; lots 7, 8, 9, 10, 11, and 12, in block 18; lots 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, in block 23; all in Moore's addition to the town of Llano, in Llano County, Texas. That the deed of conveyance to said W. T. Watts placed the legal title in him, and there was nothing in said deed to put Corner, Walker & Davis, who became subsequent mortgagees of said property, in equity as to any right or equitable claim of plaintiff Elise M. Watts in or to same. That the consideration paid for said property, to wit, $3500, was the separate means of said Elise M. Watts, and that she agreed to allow the title to be placed in her said husband for the sole purpose of enabling him the better to handle same.

"2. That between the month of November, 1887, and the 1st day of January, 1889, defendants sold and furnished C. W. McKinney and said W. T. Watts goods and merchandise on a credit, and that on said 1st day of January, 1889, said McKinney & Watts were indebted to said Corner, Walker & Davis in the sum of $3155.82, which was then past due and payable. That in order to secure said Corner, Walker & Davis in the payment of said indebtedness, and to give them an extension of time on its payments, and to enable them to pay same, said McKinney & Watts executed to said Corner, Walker & Davis their promissory note in writing for $3155.82, bearing date January 1, 1889, and due January 1, 1890, with 8 per cent per annum interest from date. That, to secure the payment of said note, said W. T. Watts executed a mortgage on the lots above described. Said mortgage was filed for record in Llano County, and duly and legally recorded May 27, 1889. The note is dated January 1, 1889, and the mortgage January 22, 1889, but it is agreed that the execution of both were one and the same transaction, and that the execution of the mortgage was agreed upon at the time the indulgence and agreement as to future

continuation of the business were entered into. That at the time of said last named agreement and the execution of said note and mortgage, Corner, Walker & Davis had no notice, actual or constructive, as to plaintiff Elise M. Watts' equitable interest in said property. That thereafter, to wit, on the 19th day of April, 1890, said W. T. Watts executed to his said wife a deed conveying to her the said property. That Mrs. Watts had no notice of the existence of the mortgage until about April 1, 1890.

"3. That on the —— day of ——, 1892, said Corner, Walker & Davis instituted a suit in the District Court of Llano County against said McKinney & Watts and said Elise M. Watts, and on the 11th day of May, 1892, in cause number 791, said Corner, Walker & Davis recovered a judgment against said McKinney & Watts for the amount of said note, and for a foreclosure of their mortgage lien on said property against said McKinney & Watts and said Elise M. Watts, and cancelling the deed from W. T. Watts to his wife, and directing order of sale to issue. It is admitted by defendants, Corner, Walker & Davis, that though the return of the sheriff of Dallas County showed that said Elise M. Watts was served with process, no service of citation was ever had on her. That thereafter an order of sale was issued on said judgment; the defendant Ligon advertised said property; but before a sale of same was made this suit was instituted, and said sheriff was by injunction restrained from making said sale. That the consideration for the execution of said mortgage by W. T. Watts was the extension of time granted by Corner, Walker & Davis to McKinney & Watts for the payment of said indebtedness, the execution of said note of January 1, 1889, and the continuation of business relations between the parties. That in accordance with their said agreement, Corner, Walker & Davis continued to sell to said McKinney & Watts, on a credit, goods and merchandise until July, 1889, amounting to about $12,000 per year, when further business relations between them was closed as to McKinney, but W. T. Watts, as successor to said firm, continued said business with Corner, Walker & Davis until some time during the year 1891; but there is no evidence as to whether McKinney & Watts paid for the goods sold them after January 1, 1889, or whether there was any profit or loss accruing to either of the parties. That Mrs. Elise M. Watts has never conveyed or sold her interest in said lots. That in August, 1889, the defendants first learned that Mrs. Watts claimed the lots in controversy as her separate property.

"On the foregoing agreed statement of the facts proved, it is further agreed, that the only question involved is as to whether the granting of an extension of the time for the payment of the debt due Corner, Walker & Davis by McKinney & Watts, as shown by the note of the latter, dated January 1, 1889, and due January 1, 1890, and the continuation of the business relations between the parties from January 1, 1889, to July, 1889, and with W. T. Watts, as successor to McKin-

ney & Watts until during the year 1891, there being nothing to show whether any loss or profit accrued to either party in the transactions involved subsequent to January 1, 1889, constitute a sufficient consideration to make Corner, Walker & Davis innocent purchasers for value, without notice, and to make their rights under said mortgage superior to the equitable rights of Elise M. Watts, plaintiff. If so, the judgment should be affirmed; otherwise, it should be reversed and judgment rendered for appellants."

*Opinion.*—According to the foregoing agreement, the only question presented thereby for our decision is, do the facts show that appellees acquired their mortgage for a valuable consideration so as to protect them as against the equitable title of Mrs. Elise M. Watts?

It is a general rule, that a pre-existing debt is not a sufficient consideration as a basis for the purchase, or the execution of a mortgage so as to protect such purchaser or mortgagee against prior titles, whether legal or equitable. Bank v. Mortgage Co., 6 Texas Civ. App., 61; 26 S. W. Rep., 489. But if there is, in addition to such pre-existing debt, some other consideration that enters into the execution of the mortgage—such as the giving or the release of some valuable right that belongs to either of the contracting parties—the mortgage will be executed upon a consideration esteemed valuable in law. A forbearance to sue, or an ordinary extension of time or indulgence to the debtor, or a promise to extend, not accompanied with something of value lost or gained to either party, will not be considered as circumstances or facts sufficient to show a binding agreement based upon a valuable consideration; but the creditor may disregard such facts, and move, at his election, to the collection of his debt.

With these principles before us, what is the case here? It will be observed from the facts that the consideration for the execution of the mortgage to W. T. Watts was the extension of time granted by appellees to Watts and his partner, McKinney, for the payment of the debt then due by them to appellees. In this connection, it is well to state that prior to the execution of the mortgage the appellees, so far as is shown by the facts in this case, had no security or other mortgage securing the payment of their debt due by Watts and his partner. By this transaction the valuable right gained by the appellees was a mortgage securing their debt where none existed before, and the right lost by them by reason of this transaction was to enforce the collection of their debt until the expiration of the time then agreed upon in which it should be paid. The right gained by Watts was the extension of time in which the debt should be paid. These reciprocal promises of the parties looking to the extension of time based upon the execution of the mortgage was a valid contract supported by a consideration. Under such a state of facts the appellees would not have been permitted to enforce the collection of their debt before the time expired in which it was due by the terms of this new contract. If they had

sought to have done so, any court of law would have held their action premature, when such a defense was presented, and this for the reason that the time of payment was extended by a valid contract to that effect.

In Steffian v. Bank, 69 Texas, 517, Judge Gaines, in speaking for the court, says: "But should the mortgagee give time upon his debt as a consideration for the security, his case is different. By extending the time of payment he yields a privilege deemed valuable in law. This is accordingly held by the controlling weight of authority sufficient to support the claim of an innocent purchaser." This principle was reaffirmed in the subsequent case of Simmons Hardware Company v. Kaufman & Runge, 77 Texas, 136. See also 8 Texas, 70; 11 Texas, 694.

According to the agreement of the parties as set out, and the only assignment of error presented in the brief of appellants, the question just discussed is the only one we deem necessary to decide; but, in view of the last proposition submitted by appellants in their brief, we desire to say, that the legal title to the property standing in the name of the husband, W. T. Watts, a mortgagee for value from him without notice of the resulting trust in favor of the wife would acquire a superior right to her, although he may have notice of her right before the purchase of it at a foreclosure sale. His right is fixed at the time he acquires his mortgage, and if he has no notice then, his right can not be impaired by any subsequent notice, and if he subsequently purchases under his mortgage his right will relate back and be determined by the condition of things existing at the time the mortgage was executed. McKamey v. Thorp, 61 Texas, 651; Rousel v. Stanger, 73 Texas, 671. If the lien of the creditor was acquired by operation of law or judicial process, the rule would be otherwise, and it would yield to the resulting trust of the wife if he acquired notice of her rights before he purchased. Parker v. Coop, 60 Texas, 111; 61 Texas, 651.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered November 7, 1894.