**JILES et al. v. CITIZENS' NAT. BANK OF TYLER.   (No. 2835.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 28, 1923. Rehearing Denied Jan. 17, 1924.)

1. **Lis pendens** ⬅➡25(3)—**Judgment declaring deed mortgage held not binding on grantee's mortgagee having no notice of suit.**

Judgment declaring a deed a mortgage *held* not binding on grantee's mortgagee, who took mortgage after commencement of action to have the deed declared a mortgage, where mortgagee had no actual notice of such suit or of grantors' claim, and no lis pendens notice had been filed as required by Rev. St. art. 6837.

2. **Lis pendens** ⬅➡13—**Filing of notice not necessary where other parties have actual notice of equities claimed by parties to pending suit.**

A filing of a lis pendens notice under Rev. St. art. 6837, is not necessary where the parties had other notice of the equities claimed by parties to the pending suit.

3. **Mortgages** ⬅➡154(3)—**Grantors' continued occupancy not notice to grantee's mortgagee that grantors claimed title.**

The fact that grantors continued to occupy the property was not sufficient notice to grantee's mortgagee that grantors claimed title on theory that deed was intended as a mortgage.

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Mortgages ⬨155 — Mortgagee who took mortgage note in settlement of debt for which mortgagor was a surety held a purchaser for value.**

Mortgagee to whom mortgagor executed a mortgage note in settlement of a debt for which mortgagor was only a surety, and who thereby obtained an extension of time on the whole debt and the release of a prior mortgage, *held* a purchaser for value.

Appeal from District Court, Smith County; J. R. Warren, Judge.

Suit by the Citizens' National Bank of Tyler against Jesse Jiles, Sam Johnson, and others. Judgment for plaintiff, and defendant Johnson and unnamed defendants appeal. Affirmed.

Wm. H. Hanson, of Tyler, for appellants. Bryan Marsh, of Tyler, for appellee.

HODGES, J. The Citizens' National Bank of Tyler sued Jesse Jiles on a note for $249 and to foreclose a mortgage on a house and lot situated in the city of Tyler. Sam Johnson and his children were made parties defendant upon the ground that they were claiming title to the land incumbered by the mortgage. Jiles filed no answer, and a judgment was rendered against him by default. Johnson and his children answered, claiming the property as their homestead, and that the deed purporting to invest title in Jiles was a mortgage which had been paid off prior to the institution of the suit. This appeal is by Johnson and his children from a judgment based upon an instructed verdict in favor of the bank.

The undisputed facts show that on March 14, 1921, Jiles executed the note sued on, and at the same time gave a mortgage on the property involved in this controversy. At the time the note and mortgage were made he exhibited to the bank a deed, absolute upon its face, conveying the property to him for a cash consideration of $100. The deed was dated October 22, 1912, and was signed and acknowledged by Sam Johnson and his wife, Ellen Johnson, and their son, Will Johnson. The certificate of the clerk shows that it had been properly recorded. Johnson and his family have remained in actual possession of the property continuously since the deed was made. The cashier of the bank, who made this contract with Jiles, testified that he knew the Johnsons, but that he did not know that they claimed to own the land. He further testified that the note for $249 was a renewal note of one on which Jiles had been a surety for another party, and which had been secured by a mortgage on personal property; that the mortgage previously held had been surrendered to Jiles at the time this note was paid. The evidence also showed that a few days prior to the execution of this mortgage the Johnsons had filed suit in the district court of Smith county against Jiles to cancel his deed, upon the ground that it was only a mortgage, and had been satisfied. It is conceded that no lis pendens notice, as required by article 6837 of the Revised Statutes, was filed with the county clerk of Smith county. There is no evidence tending to show actual notice of the pendency of this suit on the part of the bank. The official who conducted the transaction with Jiles testified that he did not know that any such suit had been filed until some days after the note and mortgage had been executed.

[1-3] On the trial the appellants offered to introduce in evidence the judgment rendered in the suit of Johnson v. Jiles, in which the deed held by Jiles was canceled. The refusal to admit that evidence is the basis of one of the assignments of error. The judgment was properly excluded, because wholly immaterial. It was not binding on the bank, because the latter had neither actual nor constructive notice that a suit was pending. City Nat. Bank v. Craig (Tex. Civ. App.) 233 S. W. 631. It is true, as stated by some of the courts, the filing of such notice is not necessary where the parties have other notice of the equities claimed by parties to the pending suit. But that situation does not exist in this instance. The fact that the Johnsons continued to occupy that property was not sufficient notice to the bank that they claimed title to the property. Eylar v. Eylar, 60 Tex. 315; Hurt v. Cooper, 63 Tex. 362; Heidenheimer v. Stewart, 65 Tex. 321; Love v. Breedlove, 75 Tex. 649, 13 S. W. 222; Graves v. Kinney, 95 Tex. 210, 66 S. W. 293.

[4] It is also urged that the bank is not entitled to claim the privileges of a bona fide purchaser, because the note sued on was a renewal of a former debt. As previously stated, the undisputed evidence shows that Jiles executed this note in settlement of a debt for which he was only a surety. He also obtained an extension of time on the old debt, and the release of a prior mortgage. This, we think, brings the bank within the rule of a purchaser for value. Simmons Hdw. Co. v. Kaufman & Runge, 77 Tex. 131, 8 S. W. 283; Steffian v. Bank, 69 Tex. 513, 6 S. W. 823; Watts v. Corner, 8 Tex. Civ. App. 588, 27 S. W. 1087; Johnson v. Masterson (Tex. Civ. App.) 193 S. W. 201.

The judgment is affirmed.

---

⬨For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes