## LONE STAR FINANCE CORPORATION v. FULBRIGHT.

### No. 2326.

Court of Civil Appeals of Texas. Beaumont.
May 18, 1933.

Shivers, Baker & Shivers, of Port Arthur, for appellant.

A. L. Calhoun and David C. Marcus, both of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was brought by L. R. Fulbright, appellee, against appellant, Lone Star Finance Corporation, for damages, on allegations that appellant had wrongfully converted two Chevrolet trucks, with their trailers, upon which appellee held a superior chattel mortgage lien. The trial was to the court without a jury, with judgment in favor of appellee against appellant for $600, with interest, supported by conclusions of fact and law. The issue in the case was merely one of priority of liens. Appellant's chattel mortgage lien covering the property in issue was dated the 18th day of December, 1930, executed to him by M. Q. Sumrall, the owner of the prop-

erty, and was for $330. This chattel mortgage was never filed for record in Jefferson county, where the property was located. When the debt secured by this lien matured, appellant seized and converted to his own use the trucks and trailers. Appellee's chattel mortgage lien was dated the 21st of December, 1930, was duly filed for record the 6th of January, 1931, before appellant seized the mortgaged property, and was to secure a promissory note of even date with the mortgage in the sum of $1,800; note and mortgage executed by M. Q. Sumrall, the owner of the property, to appellee. As to this note the court made the following fact finding: "I find that at the time the chattel mortgage was given to plaintiff by Sumrall, his indebtedness to plaintiff was past due and that at the time the said chattel mortgage was given, plaintiff in consideration therefor, extended the time of payment so as to provide for payment of said $1,800.00 in eighteen (18) successive monthly installments of $100.00 each, commencing January 21st, 1931."

### Opinion.

Appellant insists that appellee was not an innocent holder of his chattel mortgage lien for the following reasons: (a) Appellee had actual notice, or was visited with facts sufficient to put him upon notice, of appellant's prior mortgage; (b) appellee did not show that he gave value for his mortgage; (c) appellee's mortgage was given to secure a pre-existing debt. The issue of appellee's notice in fact was one for the trial court. He testified that he knew nothing of the prior mortgage and took his in good faith, believing that he was securing a first lien against the property. We find nothing in the statement of facts sufficient, as a matter of law, to visit appellee with either actual or constructive notice of appellant's prior mortgage.

Since appellee's indebtedness was evidenced by a negotiable promissory note, he was not required to prove a specific consideration. The rule, as stated by 8 C. J. 867, is, "where the instrument is negotiable, itself imports a consideration, or its nature is such that a consideration will be implied, unless otherwise provided by statute, a consideration therefor need not be alleged."

The fact that appellee's note, secured by the chattel mortgage, was given in renewal of a pre-existing debt, did not defeat his claim of innocent purchaser. Appellee renewed his note for eighteen months, to be paid in monthly installments of $100 each. The extension of the time of payment effected in this manner constituted a valuable consideration and entitled appellee to protection against appellant's prior unrecorded mortgage. Steffian v. Bank, 69 Tex. 513, 6 S. W. 823; Watts v. Corner, 8 Tex. Civ. App. 588,

27 S. W. 1087; Jiles v. Bank (Tex. Civ. App.) 257 S. W. 945; Brooks v. Bank (Tex. Civ. App.) 278 S. W. 473; Adkins-Polk Co. v. Rhodes (Tex. Com. App.) 24 S.W.(2d) 351; Radford Grocery Co. v. Bank (Tex. Civ. App.) 37 S.W.(2d) 1080.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.