MISSOURI, KANSAS & TEXAS RAILWAY CO. v. A. HANSON.

Delivered May 9, 1896.

**1.   Action for Personal Injury—Allegation and Proof of Injury.**

Plaintiff's petition in an action against a railway company for negligent injury alleged that he suffered great physical and mental pain from the injury, and would continue to do so; that he had expended large sums of money for medicines and medical treatment; and that prior to the injury he was a sound man, but was now a cripple for life.   Held, that it was not error to allow plaintiff to testify that under the direction of physicians he had used morphine to alleviate the pain; that he used it all the time, and could not live without it, but never took opiates before the injury.

**2.   Charge of Court—Weight of Evidence—Contributory Negligence.**

Charges of court which group together certain specified facts as constituting contributory negligence, such as would bar the plaintiff from recovering or would excuse the appellant from liability, are upon the weight of evidence, unless such facts are by the statute declared to be negligence, or sufficient to excuse liability.

APPEAL from Cooke.   Tried below before Hon. D. E. BARRETT.

*R. C. Foster* and *A. E. Wilkinson*, for appellant.—1.   The court erred in admitting in evidence the testimony of plaintiff as to his having contracted the morphine habit, and being unable to live without the use

of that drug as a result of its use in alleviating the pain of his injuries, as evidence of damages resulting from the wrong complained of, and without the same being specially pleaded. McAllen v. Tel. Co., 70 Texas, 245; 1 Suth., Damages, 48, 56, 766; 5 Am. and Eng. Encycl. Law, 9, 50, 51, 52; 22 id., 903.

2. The court erred in refusing to give to the jury the third instruction requested by the defendant, as follows:

"Defendant and its employes operating its train were under no obligation to watch for teams or horses approaching the track nor to cease to operate their engine in the usual manner if they observed the horse and buggy with which plaintiff was riding, approaching or standing near the crossing. If plaintiff or Paddock, the driver of the horse, drove down to a point near the crossing, and then stopped their horse, defendant's employes, if they saw him in such position, would be under no obligation to stop their engine or cease to operate it over the crossing in the usual manner. They would have a right to assume under such circumstances that the persons in the buggy knew their horse, and that it was not likely to be alarmed by the passage of an engine. Hargis v. Railway, 75 Texas, 19.

*Davis & Garnett,* for appellee.—1. The evidence complained of was admissible upon the question of damages, but especially under the allegation in the petition of expenditures for "medicine and medical treatment;" but if otherwise, no injury is shown, for no complaint is made either here or in the court below that the damages are excessive, but to the contrary, it is conceded that the damages are not excessive. Dailey v. Starr, 26 Texas, 566.

2. The third of appellant's instructions was upon the weight of the evidence, and not correct in law. Railway v. Grubbs, 26 S. W. Rep., 326.

HUNTER, Associate Justice.—This action was brought by A. Hanson against the appellant to recover damages for personal injuries caused January 18, 1894, by reason of appellant's negligence, the charges being that while plaintiff Hanson was riding in a buggy behind a horse owned and driven by one C. Paddock, upon California street, in the city of Gainesville, when about to cross the tracks of appellant on said street, an engine of appellant alarmed the horse and caused him to run away, throwing plaintiff from the buggy and breaking his leg. The negligence alleged was the omission to ring the bell or blow the whistle on approaching the crossing, and failing to keep and maintain a watchman or flagman at said crossing to warn people of the approach of the engines, suffering the view to be obstructed by cars on appellant's tracks, and running the engine rapidly out from behind same into the street, and negligently permitting the escape of steam.

It is alleged that the plaintiff, "in consequence of said injury has suffered and still suffers great physical pain and mental anguish, and will

continue to do so, * * * and has necessarily expended and will hereafter necessarily expend large sums of money for medicine, nurses, and for surgical care and medical treatment, and that in order to save his life, his injured foot, after months of suffering, had to be amputated; that by reason of said amputation plaintiff has been rendered a cripple and disfigured for life; that prior to such injury he was a sound, healthy, robust man, without injury or disfigurement of any kind; that by reason of said disfigurement and injuries, from the date of said injuries to this time he has suffered and still suffers intense physical and mental pain; that by reason of the loss of his said foot and said injury, he has been and for the remainder of his life will be incapacitated from attending to business; that his earning capacity and his ability to labor has been greatly lessened and depreciated; that his health is ruined and he is a physical wreck."

Appellant's answer was a general denial and a plea that the injury was due to the horse being unruly and dangerous, and to plaintiff's contributory negligence in permitting him to be driven into the position where he received his fright.

On the trial the plaintiff testified that he had used morphine, and had been kept under its influence to alleviate the pain consequent upon his injury; that he used morphine all the time; that he could not live without it; that he never took opiates before the injury; that his physician gave it to him internally and afterwards hypodermically for thirty or thirty-one days. This evidence was objected to, upon the ground that it was immaterial and irrelevant and not warranted by any issue made in the case by the pleadings.

This constitutes the first assignment of error, which we overrule, because we think the evidence was admissible, (1) to show the continued physical suffering demanding the use of morphine to alleviate it, (2) to show a continued expense for medicine which he had never had to use before. Besides, appellant does not complain of the verdict being excessive, but concedes in its brief that the "doctor's and nurses' bills, drugs and medicines, time lost, pain endured, permanent disability from loss of foot and impairment of health, were sufficient in amount to sustain a recovery for the sum awarded, if for any."

The remaining assignments of error, which we consider important to notice, relate to charges given and refused by the court, and in none of which do we find any material error.

The charge of the court was correct and fair, and while we think it an unsafe practice for the court to refer the jury to the pleadings of the parties for the grounds of negligence relied upon to recover, yet in this case the petition was so well and carefully drawn, and so clear of anything that was not material, that we can find no clause therein upon which the jury could have been misled.

Those charges asked by appellant which grouped together certain specified facts as constituting contributory negligence, which would bar the plaintiff from recovering, or which would excuse the appellant from

liability, are such as have been held by our Supreme Court to be charges upon the weight of evidence, unless such facts are by the statutes declared to be negligence, or sufficient to excuse liability. Campbell v. Trimble, 75 Texas, 271; Railway v. Hill, 71 Texas, 459; Railway v. Murphy, 46 Texas, 336.

We find that there is evidence in the record sufficient to establish negligence on the part of defendant company, and also sufficient to establish contributory negligence on the part of the plaintiff Hanson, but upon both issues the evidence is contradictory, and we cannot, therefore, interfere with the verdict of the jury.

No complaint is made of the sufficiency of the evidence to support the verdict.

The case seems to have been well tried and ably managed on both sides, and clearly and ably briefed here, which facts we refer to and commend, as they greatly reduce our labors.

Finding no material error in the record, we are of opinion that the judgment ought to be affirmed, and so order.

*Affirmed.*

Writ of error refused.