C. E. BARNES v. C. L. GRAY & CO. ET AL.

Delivered October 14, 1896.

**Registration—Chattel Mortgage—Subsequent Mortgage.**

A mortgagee who for the consideration of an extension of time on his previously existing debt receives a mortgage on personal property without notice of a previous unregistered lien thereon is entitled to protection against such lien, the extension of time being sufficient consideration to constitute him a mortgagee for value. (Steffian v. Bank, 69 Texas, 517.)

APPEAL from the District Court of Rockwall County. Tried below before Hon. J. E. DILLARD.

*Stroud, Oxford & Jackson,* for appellant, cited: Sayles' Civ. Stats., arts. 3190a, 3190b; Steffian v. Bank, 69 Texas, 513; 24 S. W. Rep., 691; 1 Jones on Mortgages, 4th ed., sec. 459; Hale v. Bank, 33 N. Y. Superior Court, 40; Carey v. White, 52 N. Y., 138; Gilchrist v. Gough, 63 Ind., 576; Schumpert v. Dillard, 55 Miss., 348; Port v. Embree, 54 Iowa, 14; Phelps v. Fockler, 61 Iowa, 340; Koon v. Tramel, 32 N. W. Rep., 243; 14 N. W. Rep., 729; 16 N. W. Rep., 210; Cook v. Parham, 63 Ala., 456; Thames v. Rembert, 63 Ala., 561; Jones v. Robinson, 77 Ala., 499; Sullivan Saving Inst. v. Young, 55 Iowa, 132; Am. Dig., 1887, p. 859, sec. 92; Martin v. Nixon (Mo.), 4 S. W. Rep., 503; Cass County v. Oldham, 75 Mo., 50.

[No briefs for appellee have been received.]

COLLARD, ASSOCIATE JUSTICE.—Appellees, C. L. Gray & Co., brought suit against J. H. Williams on one of three promissory notes, dated August 1, 1894, the first two for $333.35 each and the last for $333.30, due respectively on the 1st of January, 1895, 1896 and 1897, each bearing ten per cent interest per annum from January 1, 1895, and providing for ten per cent additional as attorney's fees. The notes

were given for the purchase money of a black stallion named "Coble Raven" sold by appellees to defendant, Williams, and delivered to him on August 1st, 1894, each of the notes retaining an express lien on the horse to secure its payment.

The appellant, C. E. Barnes, intervened by leave of the court, claiming that Williams had executed to him a note for $300, due May 1, 1895, bearing ten per cent interest per annum from date, and providing for ten per cent additional as attorney's fees, secured by mortgage lien on the horse; claiming also that plaintiffs' lien had never been registered as a chattel mortgage, that he had no notice thereof, actual or constructive, and that he was a subsequent mortgagee in good faith and for a valuable consideration, and asked that his mortgage be foreclosed, he having had the same registered as a chattel mortgage according to law, and that the proceeds of the sale, or so much as neccessary, be applied to his debt, costs and attorney's fees, and that plaintiffs' debt be postponed until intervener's lien should be fully satisfied.

The cause was tried by the court without a jury, and judgment was rendered for appellees C. L. Gray & Co. against defendant, Williams, for $395.18, establishing lien for the note due and adjudging that, when the property was sold, the proceeds be applied to the satisfaction of such judgment, and that the remainder be paid to the clerk of the court and by him held as security for plaintiffs' other two notes; giving judgment for intervener for the amount of his debt, $336.40, foreclosing his lien on the horse, postponing the payment of the same until plaintiffs' lien debt was satisfied. Intervener has appealed.

There is no statement of facts in the record, but the court filed conclusions of fact and law. His conclusions of fact are adopted by this court as our findings of fact. The findings of fact and law by the lower court are as follows:

"That plaintiffs, C. L. Gray & Co., on the 1st day of August, 1894, sold and delivered to defendant, S. H. Williams, one black stallion for the sum of $1000.

"That defendant, J. H. Williams, in payment of said $1000, executed and delivered to plaintiffs three promissory notes, two for the sum of $333.35 and one for $333.30; that said notes were payable respectively January 1, 1895, 1896 and 1897; that each of said notes was dated on the 1st day of August, 1894, and bearing interest from the 1st day of January, 1895, at the rate of ten per cent per annum; that said notes show upon their face that they were given for said black stallion, and that the payment of all of said notes is secured by mortgage lien upon said animal; that there is now due upon the first note principal, interest and attorney's fees, the sum of $395.18. Each of said notes provides that in event default be made in the payment of the same and it shall be placed in the hands of an attorney for collection or suit be brought on the same, then an additional amount of ten per cent on the principal and interest due should be added to the same as collection fees.

"The court further finds that said notes were never filed or registered according to law as a chattel mortgage.

"The court further finds that on March 1, 1895, the defendant, J. H. Williams, was justly indebted to intervener, C. E. Barnes, in the sum of $300, past due, on account for a pre-existing indebtedness; that on said date the defendant, J. H. Williams, executed and delivered to C. E. Barnes his note for the sum of $300, bearing interest at ten per cent per annum from date, and ten per cent attorney's fees, covering said pre-existing indebtedness, and at the same time said defendant executed and delivered to intervener a chattel mortgage on the black stallion in controversy to secure the payment of said note; that said mortgage was duly filed and registered according to law; that one of the considerations for said note and mortgage was an extension of time from March 1 until May 1, 1895.

"The court further concludes that intervener had no notice, either actual or constructive, of plaintiffs' debt or mortgage lien on said animal.

"That on the 17th day of April, 1895, plaintiffs, C. L. Gray & Co., caused a writ of sequestration to be issued in this suit and had the same levied upon said animal by the sheriff of Rockwall County; that on the same day the defendant, J. H. Williams, executed a replevy bond in the sum of $750, payable to plaintiffs, with Will T. Barnes and E. W. Hardin as sureties thereon, and that by virtue of said replevy bond defendant, J. H. Williams, again came into possession of said animal, and is now in possession of the same.

"The court further finds that the value of said animal was $750.

"The court concludes that as a matter of law the plaintiffs are entitled to a judgment for the amount of the first note described in their petition, with interest and attorney's fees thereon, now amounting to $395.18, and that they are entitled to a foreclosure of his mortgage lien and to have said animal sold to pay said judgment.

"The court further concludes that, if there is more than sufficient to pay the other two notes, plaintiffs are entitled to have the same paid into court and held as security for the payment of the two remaining notes.

"The court further concludes that, intervener's note having been given for a pre-existing debt, his mortgage should be postponed until after the satisfaction of plaintiffs' debt. The court concludes, however, that intervener is entitled to a judgment against defendant for the amount of his debt, interest and attorney's fees, and if the proceeds arising from the sale of said animal should be more than sufficient to satisfy all of plaintiffs' notes, then intervener is entitled to have such balance applied to the extinguishment of his debt.

"The court further concludes as a matter of law that the contract between defendant, J. H. Williams, and intervener, C. E. Barnes, whereby the time for payment of intervener's debt was extended from the 1st day of March until the 1st of May, 1895, was not such a con-

sideration as would make intervener an innocent purchaser without notice."

*Opinion.*—Appellant contends that the court below was in error in holding that the extension of the time of payment of his debt was not a valuable consideration, sufficient to support the mortgage and to constitute him an innocent mortgagee in good faith.

When the consideration for a mortgage is only a pre-existing debt, there is no such consideration as will constitute the mortgagee an innocent purchaser; but if the time of payment of the debt be extended, the extension will constitue a valuable consideration.    The pre-existing debt is not the only consideration in such case.

The present Chief Justice of the Supreme Court, in treating on this question, in Steffian v. Bank, 69 Texas, 517, says: "This court has held that where the consideration of a deed is an antecedent debt only, or where a mortgage is taken merely to secure such indebtedness, this is not sufficient to support the claim of a bona fide purchaser for a valuable consideration.    *   *   *   But should the mortgagee give time upon his debt as a consideration for the security, his case is different.    By extending the time of payment he yields up for a season his right of action, which is a privilege deemed of value in law.    This is accordingly held by the controlling weight of authority sufficient to support the claim of an innocent purchaser."

Plaintiffs' lien was subject to registration statutes as a chattel mortgage, and it has been held that if the instrument be not recorded the mortgagee can assert no right to the goods as against another creditor who has seized the same under legal process.    Key v. Brown, 67 Texas, 300.    And it is provided by statute that every chattel mortgage, deed of trust or other instrument of writing intended to operate as a mortgage of or lien upon personal property, which shall not be accompanied by an immediate delivery, and be followed by an actual and continued change of possession of the property mortgaged or pledged by such instrument, shall be absolutely void as against creditors of the mortgagor or person making the same, and as against subsequent purchasers and mortgagees or lien-holders in good faith, unless such instrument, or a true copy thereof, shall be forthwith deposited with and filed in the office of the county clerk of the county where the property shall then be situated, or if the mortgagor, or person making the same, be a resident of this State, then of the county of which he shall at the time be a resident.

The intervener, as we have seen, was a creditor of Williams, a lien creditor, or mortgagee in good faith and for a valuable consideration, entitled to the protection of the statute.    He had no notice of plaintiffs' mortgage, actual or constructive.    As to him plaintiffs' mortgage was null and void.    The judgment of the court below should have given preference to intervener's claim, and should have adjudged that it be paid first, including interest, costs and attorney's fees, out of the pro-

ceeds of the sale, postponing payment of plaintiffs' judgment out of such proceeds until intervener's judgment should be fully satisfied.

The judgment of the lower court will be reversed, and here rendered as it should have been in the lower court, in accordance with this opinion. In other respects the judgment will not be disturbed.

*Reversed and rendered for appellant.*