RIDGILL v. E. L. WILSON HARDWARE CO. et al.   (No. 6865.)†

(Court of Civil Appeals of Texas. Galveston. April 30, 1915. Rehearing Denied May 27, 1915.)

CHATTEL MORTGAGES ⬥⟞153—PRIORITY—PURCHASER FOR VALUE.

A manufacturing company, being indebted to intervener, executed its note payable in six months and also its mortgage upon all the property owned by it to secure the note. This mortgage was not recorded in the county clerk's office. Subsequently the manufacturing company, being also indebted to plaintiff, executed a note payable on a day certain and a similar mortgage to it. Plaintiff had no notice of the prior lien when it took the note. *Held* that, since at the time of the giving of the mortgage to plaintiff a definite extension of time of payment of its overdue debt was granted, plaintiff became entitled to the status of a purchaser for value and was entitled to priority as against the previous unrecorded mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 255–262, 267, 268; Dec. Dig. ⬥⟞153.]

Error from District Court, Jefferson County; John M. Conley, Judge.

Action by the E. L. Wilson Hardware Company and others against the Saratoga Spoke & Handle Manufacturing Company to foreclose a mortgage. C. E. Ridgill intervened. judgment was entered giving plaintiff priority as against intervener, and intervener brings error. Affirmed.

W. G. Reeves and Oliver J. Todd, both of Beaumont, for plaintiff in error. J. D. Wilkerson, of Beaumont, for defendant in error.

McMEANS, J.  In the year 1907, C. E. Ridgill performed certain services for the Saratoga Spoke & Handle Manufacturing Company, a corporation, for which the corporation became indebted to him in the sum of $411.75.  On December 20, 1909, the corporation executed to him its promissory note for said amount, payable six months after date, bearing 8 per cent. per annum interest, and stipulating for the payment of 10 per cent. attorney's fees in certain contingencies, and at the same time executed and delivered to him a mortgage or contract lien upon all the property owned by the corporation to secure the payment of said note.  This mortgage or lien was not registered or filed for registration or record in the county clerk's office.  Prior to February 10, 1910, the Saratoga Spoke & Handle Manufacturing Company became indebted to the E. L. Wilson Hardware Company, and on said date, which was some time after said indebtedness became due, the manufacturing company executed its promissory note to said hardware company for the amount of said indebtedness, payable February 15, 1911, bearing 8 per cent. per annum interest, and stipulating for the payment of 10 per cent. attorney's fees in certain contingencies; and on the same day executed to the hardware company a mortgage or contract lien upon the same property embraced in the mortgage or lien of Ridgill.  The manufacturing company made several payments upon this note, and in this way reduced the amount due thereon to $1,850.98.  On November 29, 1913, the hardware company brought this suit against the Saratoga Spoke & Handle Manufacturing Company to recover upon said note, and interest and attorney's fees, and to foreclose its said mortgage or contract lien, whereupon the appellant, C. E. Ridgill, intervened, setting up his note and lien, and sought to have his lien declared to be a first and superior lien to that of the hardware company and entitled to be paid in preference thereto. The case was tried before the court without a jury and resulted in a judgment for both the plaintiff and the interveners, for the amount of their debts, and for foreclosure of their liens, and decreeing the claim and lien of the hardware company superior to that asserted by the intervener, Ridgill, and from this judgment Ridgill has appealed.

The only question presented for our determination is whether, under the facts disclosed by the record, the E. L. Wilson Hardware Company is entitled to postpone in its favor the prior note and lien held by the intervener.

Appellant's first assignment of error is as follows:

"The court erred, to the prejudice of this intervener, in finding and holding that E. L. Wilson Hardware Company is merely taking additional security for its debts, and without paying any consideration whatsoever, and without releasing any rights, was an innocent holder for value, and entitled to give its second lien priority over the first lien held by this intervener."

---

† Writ of error pending in Supreme Court.

It is undisputed that the note and lien in favor of the intervener was executed on December 20, 1909, and that the note and lien in favor of the hardware company were not executed until February 9, 1910. It is also undisputed that both of these notes were given for debts that the manufacturing company owed the respective parties prior to the dates they were executed. The notes and mortgages were both executed by the manufacturing company to gain an extension of time for the payment of the debts owing the parties respectively. This fact is recited in the mortgage executed to the intervener, Ridgill, and as to that of the hardware company, John R. Cheek, president of the manufacturing company, testified:

"At the time the deed of trust and chattel mortgage was executed to the E. L. Wilson Hardware Company, their debt was due, and they were demanding payment of it, and the mortgage was executed to get an extension to stave the matter off."

It is undisputed that, at the time the hardware company took this mortgage and granted an extension of more than a year for the payment of its debt, it had neither actual nor constructive knowledge of the lien of the intervener, Ridgill.

Under the foregoing facts, we are of the opinion that the hardware company is entitled to the protection accorded to a bona fide purchaser for value against the prior lien of the intervener, and that the trial court did not err in so holding. While it is true that a creditor who takes a mortgage merely as security for the payment of a debt already due to him, and without giving any new consideration or being induced to change his position in any manner, is not entitled to protection against prior liens of which he is not affected with notice, it is also true that, if at the time and in consideration of the giving of the mortgage the creditor grants a definite extension of time of payment, this is such a new consideration as will give him the character of a purchaser for value. 27 Cyc. 1191, 1192.

In Steffian v. Milmo National Bank, 69 Tex. 517, 6 S. W. 824, our Supreme Court states the rule thus:

"This court has held that, where the consideration of a deed is an antecedent debt only, or where a mortgage is taken merely to secure such indebtedness, this is not sufficient to support the claim of a bona fide purchaser for a valuable consideration. McKamey v. Thorp, 61 Tex. 648; Spurlock v. Sullivan, 36 Tex. 511. There being no new consideration, should the grantee or mortgagee lose the land or his lien upon it, he still has his debt, and for that reason is held to have parted with nothing of value. But, should the mortgagee give time upon his debt as a consideration for the security, his case is different. By extending the time of payment, he yields up for a season his right of action, which is a privilege deemed of value in law. This is accordingly held by the controlling weight of authority sufficient to support the claim of an innocent purchaser. Schumpert v. Dillard, 55 Miss. 348; Port v. Embree, 54 Iowa, 14 [6 N. W. 83]; Cary v. White, 52 N. Y. 138; Gilchrist v. Gough, 63 Ind. 576

[30 Am. Rep. 250]; Cook v. Parham, 63 Ala. 456; Thames v. Rembert, 63 Ala. 561."

In Barnes v. Gray, 14 Tex. Civ. App. 439, 37 S. W. 162, it is said:

"When the consideration for a mortgage is only a pre-existing debt, there is no such consideration as will constitute the mortgage an innocent purchaser; but, if the time of payment of the debt be extended, the extension will constitute a valuable consideration. The pre-existing debt is not the only consideration in such case."

In McKinney v. Williams, 45 S. W. 335, it is said:

"It is also shown that, when the mortgage was executed to Williams on the 20 bales of cotton, it was based upon a consideration and agreement to the effect that the time of payment of the note executed by McKinney should be extended to November, 1895. A mortgage taken to secure a pre-existing debt, based upon an agreement to extend the time of payment, is held to be a sufficient consideration to support an otherwise innocent mortgage holder."

Appellant with great earnestness assails the three cases above quoted, asserting that the language quoted from Steffian v. Bank, supra, was not necessary to a decision of any question before the court and that the holding was purely dictum, and that the other cases referred to followed it blindly without looking into the principles that should properly control. We may concede the accuracy of his contention that the holding in the Steffian Case is dictum, without in the least detracting from its soundness as a legal proposition. The rule as there stated is recognized by text-writers and applied by the courts of last resort in many of the states of the Union. In addition to these above mentioned, the following cases in this state recognize and apply the rule: Halbert v. Paddleford, 33 S. W. 592; Watts v. Corner, 8 Tex. Civ. App. 588, 27 S. W. 1089; Bank v. James, 13 Tex. Civ. App. 550, 36 S. W. 289; Ingenhuett v. Hunt, 15 Tex. Civ. App. 248, 39 S. W. 310. The cases cited by the Supreme Court in Steffian v. Milmo Bank fully sustain the proposition asserted, as do, also, 27 Cyc. 1191, 1192, and Jones on Mortgages, § 459.

The judgment of the court below is affirmed.

Affirmed.