**BROOKS v. ASHERTON STATE BANK et al. (No. 7439.)**

(Court of Civil Appeals of Texas. San Antonio. Dec. 5, 1925. Rehearing Denied Jan. 6, 1926.)

**1. Mortgages ⬅➡155 — Note and mortgage, merging existing smaller obligations, held not taken for value.**

A note and mortgage, merging existing smaller obligations, without any additional funds changing hands, is not taken for value.

**2. Mortgages ⬅➡155—Extension of time of payment held valuable consideration for mortgage securing prior indebtedness.**

Extension of time of payment of existing obligations is valuable consideration for a note

and mortgage taken to secure them, and mortgagee is protected against unknown prior equities of third parties who have permitted mortgagor to retain possession and control of mortgaged property.

**3. Mortgages ⬅➡155—Note and mortgage in fact extending time of payment presumed to be based on such consideration.**

Extension of time of payment of existing obligations is presumed to constitute the consideration for renewal note and mortgage, where time of payment was in fact extended, though there was no affirmative finding that mortgagee parted with value.

Appeal from District Court, Dimmit County; J. F. Mullally, Judge.

Action by the Asherton State Bank against R. E. Brooks and another. Judgment for plaintiff, and defendant Brooks appeals. Affirmed.

Woods, King & John, of Houston, for appellant.

Vandervoort, Johnson & Jeffrey and W. H. Davis, all of Carrizo Springs, and Templeton, Brooks, Napier & Brown, of San Antonio for appellees.

SMITH, J. In October, 1917, S. C. Ward purchased and took possession of 291 head of cattle in Dimmit county. In November, 1918, he executed and delivered a bill of sale conveying the cattle and the increase thereof to R. E. Brooks. He did not surrender possession to Brooks, however, but retained it, and continued to control and dispose of the cattle at will, nor did Brooks, resident of a distant county, place the bill of sale on record. The consequence was that no one dealing with Ward, except Brooks and himself, knew of the change of ownership of the cattle; and the circumstances warranted the assumption among those dealing with Ward that he still owned the cattle. Brooks had knowledge of these circumstances, but he took no steps to disturb the assumption. The cattle were at all times located in Dimmit county; Brooks resided in Harris county.

On several occasions, in 1920, the Asherton State Bank, ignorant of Brooks' interest in the cattle, and believing that Ward still owned them, loaned Ward various sums of money, taking his notes therefor, and mortgages on various cattle and other live stock, including the Brooks cattle, which were still in Ward's control and possession. On January 20, 1921, this indebtedness amounted to $1,500, for which Ward executed a note which he secured by a mortgage upon the cattle here in controversy. This note, as well as another executed on August 28, 1923, to cover interest accrued on the first note, was extended from time to time, and finally became the subject of this suit.

In the summer of 1924, Ward sold some of the mortgaged cattle, paying over to

Brooks the proceeds of the sale, and shortly afterwards Brooks sold the remaining cattle back to Ward, taking a mortgage thereon to secure the purchase price. In this way, if at all, and to this extent, the bank lost its security for the notes it held against Ward. Accordingly, in default of the payment of those notes, the bank brought this action against both Ward and Brooks, alleging conversion by the latter, and praying for a money judgment against both, and for foreclosure upon the mortgaged cattle. In a jury trial, the bank recovered in accordance with its prayer. Brooks alone has appealed.

The controlling question presented in this appeal is whether or not appellee bank is an innocent mortgagee of the cattle in question, and whether or not as such it is entitled to protection against appellant Brooks' prior but unknown interest in or ownership of the cattle. It is undisputed that Brooks was the owner of the property at the time the bank took the mortgage thereon. So it is established by the record that at that time the bank had neither actual nor constructive notice of Brooks' ownership, but was warranted in assuming, from facts of which Brooks had knowledge, that Ward was the real owner and had the right to mortgage the property. The record seems to bear out appellant's contention that the note sued on was given to evidence and the mortgage to secure existing and past-due debts which Ward owed the bank.

The bank's claim of priority seems to rest upon the question of fact as to whether or not the bank obtained the note and mortgage in pursuance of a contract in entering which it parted with anything of value. Therein lies the specific question presented here.

[1] As stated, the note sued on was but a merger of existing smaller obligations which Ward then owed the bank. No money changed hands, no additional funds were advanced by the bank to Ward in consideration of the execution of the renewal note or mortgage; nor does it appear that, in taking the mortgage here declared on, the bank released any prior mortgage it had obtained from Ward. So far as these matters affect the question, then, the bank gave up nothing of value to secure the mortgage.

[2] But the transaction shows on its face that, in taking the note and mortgage, the bank extended the time of payment of the obligation, and it is now the settled law of this state that such extension constitutes a valid consideration and affords the creditor and mortgagee protection against unknown prior equities of third parties, for the reason that in making the contract he has yielded up the valuable right to demand immediate payment of what is then due him. Steffian v. Bank, 69 Tex. 517, 6 S. W. 823; Watts v. Corner, 8 Tex. Civ. App. 588, 27 S. W. 1087; Ingenhuett v. Hunt. 15 Tex. Civ. App. 248, 39 S. W. 310.

[3] It is contended by appellant that, because neither jury nor court affirmatively found that the bank parted with anything of value in obtaining the note and mortgage, the judgment giving priority to the bank over Brooks' equity is without support. It is true that no such finding appears in the record, and it is likewise true that the question is one of fact. Bank v. Todd (Tex. Com. App.) 231 S. W. 322. Here, however, it is conclusively shown that, in taking the renewal note and mortgage from Ward, bank did in fact extend the time of payment of the obligation, and we conclude that, in the absence of any evidence to raise the issue, it should be presumed that such an extension constituted the consideration for the note and mortgage. The case of Ingenhuett v. Hunt, supra, is relied upon by appellant to support his contention. In that case, however, the evidence showed that at the time the mortgage was given nothing was said about an extension, and the note and mortgage were signed as presented to the maker by the creditor's agent, "and there was no other consideration for the note and deed of trust than the past indebtedness, and the sole purpose of the transaction was to secure" the creditor's demand. In discussing the point, which did not in fact control the decision, Chief Justice James said that "the fair inference from this testimony is that the note and mortgage were executed without reference to the further time. If this were so, we believe the case would not come within the rule" that an extension of time constitutes a consideration which would protect the lienholder against unknown equities. No such inference may be drawn from the record here, and the cited case is not deemed applicable. The questions discussed are raised in appellant's first proposition of law, which is overruled.

Appellant's remaining propositions raise the questions of the sufficiency of the evidence to support the judgment rendered, but we overrule those propositions. We think the evidence sufficient to raise the issues which were resolved in favor of appellee.

The judgment is affirmed.