### HAGIST v. VOGT. (No. 7410.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1925. Rehearing Denied Feb. 17, 1926.)

On Motion for Rehearing.

1. **Chattel mortgages** ⚖️138(2)—**Mortgage voluntarily executed and recorded by mortgagor to avoid obligation to another creditor held not to have precedence over unrecorded equitable mortgage lien.**

Evidence tending to show that mortgagee did not take chattel mortgage in consideration of extension of time of payment of note secured, but accepted mortgage only as additional security after its recording, without his knowledge, and that mortgagor recorded mortgage to evade obligations to another creditor, *held* not to show valid consideration for the mortgage sufficient to give it precedence over a prior existing equitable mortgage lien.

On Appellee's Motion for Rehearing and to Dismiss Appeal.

2. **Appeal and error** ⚖️376—**Mere stakeholders of funds in controversy are not necessary parties on appeal, and need not be made payees in appeal bond.**

Persons in position of mere stakeholders of funds in controversy, tendering same for payment as may be directed by the court, and asserting no interest against the parties to the action, are not necessary parties to the appeal, and need not be named as payees in appeal bond.

Appeal from District Court, Victoria County; John M. Green, Judge.

On motion for rehearing. Motion granted. Judgment reversed and cause remanded.

For former opinion, see 276 S. W. 959.

Rose & Sample, of Edna, for appellant.
R. L. Daniel, of Victoria, for appellee.

SMITH, J. [1] In the original opinion it was said that both the mortgages in question were supported by sufficient consideration. We have reached the conclusion after further investigation, however, that the evidence of the consideration for the mortgage

taken by Vogt is not sufficient to sustain that instrument as against the prior, even though unknown, equities of others. While it was shown that Bowers executed the mortgage to secure the payment of his note evidencing an existing obligation to Vogt, and that the time of payment of that obligation was thereby extended by Vogt, the evidence further tends to show that the act of Bowers in executing the renewal note and the mortgage was purely voluntary upon his part, and was done without Vogt's knowledge or procurement; that the mortgage was placed of record by Bowers without consulting Vogt, the mortgagee; and that the latter still holds the original note, the renewal of which is here sued on. In other words, it does not appear that Vogt took the mortgage in consideration of the extension of the time of payment of the obligation thereby secured, and knew nothing of the execution of the note or mortgage until a later date, and then accepted them only because he thereby obtained additional security for the debt. The evidence tends to show, also, that Bowers, the debtor and mortgagor, executed those instruments and placed them of record for the purpose of evading his obligations to appellant, another creditor, rather than of procuring additional time upon his obligation to Vogt. If this is true, and if it is true that Bowers did not execute the mortgage in pursuance of an agreement with Vogt to extend the time of payment of his debt to the latter, there was no valid consideration for that mortgage such as to give it precedence over the unknown equitable claim of Hagist. In-genhuett v. Hunt (writ of error denied) 39 S. W. 310, 15 Tex. Civ. App. 248.

Appellant's motion for rehearing will be granted, the judgment reversed, and the cause remanded.

### On Appellee's Motion for Rehearing and to Dismiss Appeal.

[2] Appellee suggests that the appeal should be dismissed because the appeal bond filed by appellant was made payable to appellee, Vogt, only, and was not made payable to the Jackson County State Bank, A. B. Bowers, J. C. Jetton, J. R. Gregory, and R. V. Tipton. We overrule this contention. The parties named are in the position of mere stakeholders in this controversy, which is between appellant, Hagist and appellee, Vogt. They are in possession of certain funds, the disposition of which depends wholly upon the outcome of the dispute between Hagist and Vogt. The funds are intact, and the parties named tender them for payment over to Hagist or Vogt, as may be directed by the court. They claim no interest in these funds. They assert no interest as against either of the principals in the litigation, and neither of the latter assert any interest adverse to those claimed by the parties named. That being their status, they are not deemed necessary parties to the appeal, and it was not necessary that they be named as payees in the appeal bond.

Overruled.