## HAGIST v. VOGT. (No. 7804.)

Court of Civil Appeals of Texas. San Antonio. June 15, 1927.

Rehearing Denied July 2, 1927.

**Appeal and error ⟜1216—Failure to follow, on same facts, pleading, and applicable law, prior ruling and instructions of appellate court in case is reversible error.**

Failure to follow, on substantially the same facts, pleading, and applicable law, ruling and instructions of the appellate court on prior appeal of the case is reversible error.

Appeal from District Court, Victoria County; John M. Green, Judge.

Action by E. F. Vogt against E. R. Hagist and others. Judgment for plaintiff, and named defendant appeals. Reversed and remanded, with directions.

See, also, 276 S. W. 959, 280 S. W. 350.

Rose & Sample, of Edna, for appellant.
R. L. Daniel, of Austin, for appellee.

COBBS, J. Appellee sued appellant to recover on a note for $800, executed by A. B. Bowers, and to foreclose an alleged chattel

mortgage lien given by Bowers, dated August 6, 1924, on his interest in certain crops grown and raised by some. of his tenants, the proceeds of the sale thereof being on deposit in the bank, on the theory that the appellee had a lien thereon to secure the debt.

The bank filed answer disclosing the several sums on deposit with it as proceeds from the sale of the mortgaged crops and the several names in which deposited, disclosing by its answer that it had been served as garnishee in a suit pending in the district court of Jackson county in which E. R. Hagist was plaintiff and the said A. B. Bowers and wife, defendants, and setting forth its willingness to perform the judgment of the court. Defendants Jetton, Gregory, and Tipton each filed a separate answer, disclosing the amount of cash received for the mortgaged crops which had been sold and that such cash was on deposit with defendant bank, said Gregory also disclosing his possession of 50 to 75 bushels of rent corn subject to said mortgage, not then sold, and each of said defendants alleging service on him of writ of garnishment issuing out of the district court of Jackson county in the above suit of Hagist against Bowers and wife, and alleging a willingness to perform the judgment of the court.

The defendant E. R. Hagist answered, pleading: (a) The pendency of a garnishment suit in the district court of Jackson county, in which all issues in the Victoria county suit might be settled; (b) the general denial; (c) no consideration for the execution of either the note or mortgage sued on by plaintiff; and (d) an indebtedness owing by defendant Bowers to defendant Hagist, and to secure which Bowers for a valuable consideration agreed, in writing, on or about December 18, 1923, to give to said Hagist a lien upon and against the crops which were later, on August 6, 1924, mortgaged to plaintiff, the said Hagist asserting by reason thereof a lien on said crops prior and superior to that of plaintiff and the superior right to have the amount of proceeds from sale of the crops applied on the indebtedness of Bowers to him, which indebtedness of Bowers to him he asked the court to fix by the terms of the judgment.

Plaintiff filed supplemental petition, excepting to the several pleas of defendant Hagist, pleaded the general denial, and pleading that the written lien relied upon by Hagist was never filed for record as a chattel mortgage and that plaintiff had no notice thereof at the time he took his chattel mortgage on August 6, 1924.

The case was tried without a jury on December 13, 1924, and judgment given in favor of plaintiff against defendant Bowers for the amount of the note sued upon, with foreclosure of the lien pleaded by plaintiff, against all defendants, and against the several tenants and the bank for the respective sums held by them as proceeds from the sale of the mortgaged crops, and against defendant Hagist for costs. From said judgment the said E. R. Hagist appealed to the Court of Civil Appeals for the Fourth Supreme judicial district of Texas, and said court reversed the judgment of the district court of Victoria county in said cause and remanded said cause for a new trial. The opinion of the Court of Civil Appeals reversing and remanding said cause is shown in 280 S. W. 350, 351.

Said cause was again tried without a jury in the district court of Victoria county on December 15, 1926, and judgment was rendered by said court as before, in favor of plaintiff against defendant Bowers, for the amount of the note sued upon, with foreclosure of the lien pleaded by plaintiff against all defendants and against the several tenants and the bank for the respective sums held by them as proceeds from the sale of the mortgaged crops, and against defendant Hagist for costs.

This case was before this court, as stated, on the 21st of October, 1925, when the judgment of the trial court was affirmed, and a motion for rehearing was filed on November 18, 1925, and overruled. 276 S. W. 959.

This case again came before this court on motion for rehearing and to dismiss in same cause. See opinion 280 S. W. 350. The motion was granted and the judgment was reversed and the cause remanded.

Appellant has filed a full and complete brief, but we find no brief or answer of any kind whatever filed by appellee.

An examination of the record shows the case as presented heretofore, so far as the facts, pleading, and the law applicable to this case are concerned, are substantially the same so that the court erred in not following the prior ruling and instructions of this court by reason of the reversal.

The priority of appellant's lien was settled by that judgment which is followed and which we adhere to. There is no evidence that shows the chattel mortgage lien superior to the lien of appellant. Appellant's lien takes precedence, and under our holding should have been made so. If the record was in such shape as to justify it, it would be here rendered. Therefore the judgment of the trial court is reversed and the cause remanded for further proceedings in accordance with this and our former opinion.

Reversed and remanded.